285 So.2d 669 (1973)
Joseph FILER, Appellant,
v.
STATE of Florida, Appellee.
No. 72-615.
District Court of Appeal of Florida, Second District.
September 12, 1973.
Rehearing Denied December 13, 1973.
James A. Gardner, Public Defender, and W. Daniel Kearney, Asst. Public Defender, Bradenton, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and David Luther Woodward, Asst. Atty. Gen., Tampa, for appellee.
HOBSON, Judge.
Appellant Joseph Filer and one Robert Leonard were charged by information with conspiring together to commit a felony, to-wit: the sale of heroin. No one else was named in the information as a co-conspirator, nor was it averred that appellant conspired with any unknown persons.
After the State had concluded its case, Leonard's motion for directed verdict of acquittal was granted. The lower court denied appellant's motion for directed verdict, and the trial proceeded with appellant being the sole defendant in the case. Pursuant to a jury verdict of guilty, the lower court adjudged appellant guilty and sentenced him to three years imprisonment.
It is not necessary, to sustain a conviction for a conspiracy, that co-conspirators be charged. Ng Pui Yu v. United States, 9th Cir.1965, 352 F.2d 626; Feldstein v. United States, 9th Cir.1970, 429 F.2d 1092. See DiStefano v. Langston, Fla. 1973, 274 So.2d 533. However, in those cases the defendants were charged with conspiring with other persons, who had not been acquitted. But where the information or indictment alleges that the defendant and other individuals named as co-defendants were the sole perpetrators of the conspiracy, and the other individuals were acquitted, conviction must be reversed. Herman v. United States, 5th Cir.1961, 289 F.2d 362; Romontio v. United States, 10th Cir.1968, 400 F.2d 618; cf. Lubin v. United States, 9th Cir.1963, 313 F.2d 419; United States v. Cabrera, 5th *670 Cir.1971, 447 F.2d 956; United States v. Sparrow, 10th Cir.1972, 470 F.2d 885.
Appellant's motion for directed verdict should have been granted.
In view of our holding, it is unnecessary to consider appellant's remaining points.
The judgment appealed is
Reversed.
MANN, C.J., and LILES, J., concur.