330 So.2d 783 (1976)
John PEARCE, Petitioner,
v.
STATE of Florida, Respondent.
No. BB-221.
District Court of Appeal of Florida, First District.
April 20, 1976.
Rehearing Denied May 18, 1976.
Betty Owen Stinson, Tallahassee, for petitioner.
Robert L. Shevin, Atty. Gen., Donald K. Rudser, Asst. Atty. Gen., and Harold Stirling Richmond, Tallahassee, for respondent.
RAWLS, Acting Chief Judge.
On the 15th day of January, 1976, the State Attorney for the Second Judicial Circuit filed an amended information charging that John Pearce (petitioner), Ronald Brooks and David Pfaff, on the 22nd day of September, 1973, in the County of Liberty, State of Florida, "did knowingly, unlawfully and feloniously agree, conspire and confederate one with the others to commit a felony of perjury in a judicial proceeding". (emphasis supplied) Defendants Brooks and Pfaff stood trial and were acquitted. Subsequent to the acquittal of Brooks and Pfaff, petitioner Pearce sought dismissal of the foregoing information predicated upon the legal impossibility of convicting a single individual of conspiring with himself. The trial judge denied petitioner's motion to dismiss citing Platt v. State, 143 Neb. 131, 8 N.W. 2d 849 (1943). Upon consideration of Pearce's petition for writ of common law certiorari, and finding that a strong prima facie case had been alleged that the trial court had departed from the essential requirements of law, this court, in exercising its discretion, issued the writ.
*784 The Nebraska case of Platt v. State, supra, does not support the trial court's order. There, Platt and another named defendant were charged with conspiring with each other and with other persons in defrauding the state. Platt was tried separately and convicted. Subsequently, the other named party was acquitted. Platt contended that the subsequent acquittal of the other named conspirator mandated that his conviction be set aside. In rejecting this contention, the Nebraska court stated: "There can be no question that there must be a degree of dependent criminality between coconspirators to violate a criminal statute in order for a conviction to stand." The Nebraska court then reasoned that a subsequent acquittal of a coconspirator would not vitiate Platt's conviction. However, such is not the case here presented.
The gravamen of the offense in criminal conspiracy is the agreement between two or more persons. With whom is Pearce charged with conspiring? Clearly, it is Brooks and Pfaff. And just as clearly Brooks and Pfaff have been adjudged not guilty. The verdicts as to Brooks and Pfaff vitiate the very essence of the conspiracy: the combination or agreement of two or more persons. The rule in this jurisdiction was succinctly stated by Judge Hobson, speaking for the Second District Court of Appeal in Filer v. State, 285 So.2d 669 (Fla.App.2nd 1973), viz:
"But where the information or indictment alleges that the defendant and other individuals named as co-defendants were the sole perpetrators of the conspiracy, and the other individuals were acquitted, conviction must be reversed. Herman v. United States, 5th Cir.1961, 289 F.2d 362; Romontio v. United States, 10th Cir.1968, 400 F.2d 618; cf. Lubin v. United States, 9th Cir.1963, 313 F.2d 419; United States v. Cabrera, 5th Cir.1971, 447 F.2d 956; United States v. Sparrow, 10th Cir.1972, 470 F.2d 885."
Certiorari is granted with directions that the trial court grant the subject motion to dismiss.
MILLS and SMITH, JJ., concur.