334 So.2d 152 (1976)
Richard Douglas CRAVERO, Appellant,
v.
The STATE of Florida, Appellee.
Nos. 75-1628, 75-1913.
District Court of Appeal of Florida, Third District.
June 16, 1976.
*153 Milton Grusmark, Miami, for appellant.
Robert L. Shevin, Atty. Gen., and Linda C. Hertz, Asst. Atty. Gen., for appellee.
Before PEARSON, HENDRY and NATHAN, JJ.

ON MOTION TO DISMISS
NATHAN, Judge.
This cause is before us on consideration of the motion of the appellee, State of Florida, to dismiss the two appeals of the defendant Cravero. The appeals stem from the prosecution of three defendants, Richard Douglas Cravero, appellant herein, together with Ronald Clifford Chandler and Robert Greenwood, all of whom were charged in one indictment with conspiracy to commit murder and first degree murder arising out of the same incident. In a joint jury trial, all three defendants were found guilty, and were convicted and sentenced.
Each defendant filed a separate motion for new trial from his judgment of conviction and sentence. The certificates of service and the affidavits of counsel reflect that the motions for new trial filed by the three defendants were all timely. The orders of the trial court denying the motions for new trial were filed as follows: Cravero, August 21, 1975; Chandler, September 18, 1975; Greenwood, December 8, 1975. Each defendant filed a notice of appeal from his own judgment, sentence and denial of motion for new trial as follows: Cravero, September 26, 1975; Chandler, October 16, 1975; Greenwood, December 23, 1975. The appeal by defendant Cravero from his judgment, sentence and denial of motion for new trial was dismissed by this court as being untimely.[1] Greenwood's and Chandler's notices of appeal were timely. Within the period of time that Greenwood's and Chandler's appeals were due to be filed, defendant Cravero timely filed the two instant appeals. The first is from Chandler's judgment of conviction and denial of motion for new trial, and the second is from Greenwood's.
The issue with which we are confronted on the State's motion to dismiss these appeals is whether in the conspiracy case sub judice, where the co-conspirators have filed separate motions for new trial alleging the same grounds therefor, one defendant may take an appeal from a codefendant's judgment of conviction and denial of motion for new trial.
Where multiple defendants are tried for the same offense in a consolidated trial where the issues and facts are identical, one appeal suffices. Lowe v. State, Fla. 1966, 184 So.2d 164, 166. Thus, a single appeal can be taken from separate but identical judgments.[2] Applying this to the facts of the instant case, if the three defendants had filed one motion for new trial, one notice of appeal from the denial thereof would be sufficient. In fact, had they filed one motion for new trial, their judgments of conviction would not be rendered for purposes of appeal except upon denial of the motion for new trial.
*154 State ex rel. Owens v. Pearson, Fla. 1963, 156 So.2d 4, 7, although a civil case, holds that where a motion for new trial is pending, the effectiveness of a notice of appeal theretofore filed is destroyed. This is so because the trial court has complete control over the judgment, and such judgment is not final and has not been rendered for purposes of taking an appeal until the motion for new trial has been ruled upon. The time for taking an appeal, then, does not commence to run until the date of the entry of the order denying the motion for new trial. Applying the rationale of Owens, supra, and Lowe v. State, supra, to the case sub judice, the Greenwood and Chandler judgments and convictions were not rendered until the date of the entry of the order denying motions for new trial.
As a general rule, the conviction of one defendant in a conspiracy prosecution will not be upheld if all other alleged conspirators are acquitted. Filer v. State, Fla.App. 1973, 285 So.2d 669; United States v. Goodwin, 5th Cir.1974, 492 F.2d 1141. Logically, from these decisions, it appears that if one co-conspirator's motion for new trial is granted (on grounds which affect all of the defendants), the other defendants would be entitled to a new trial. Further, if the conviction and sentence of one co-conspirator is reversed on appeal, (again, on grounds affecting all of the defendants) the other defendants would be entitled to the same relief upon application thereof.
Therefore, we have determined that Cravero may take appeals from Chandler's and Greenwood's judgments of conviction and orders denying motion for new trial, and these appeals will be treated as joinders of appeals[3] pursuant to Rule 3.11(b) of the Florida Appellate Rules.[4] If any area of review is available to a defendant, the appellate court should not dismiss or quash the appeal. Ramey v. State, Fla.App. 1967, 199 So.2d 104, 106. Accordingly, the motion to dismiss is denied.
All appeals of Cravero, Chandler and Greenwood, Case Numbers 75-1519, 75-1628, 75-1913, 75-1914, 75-2022, 76-506, 76-507 and 76-509 are hereby consolidated for all appellate purposes.
It is so ordered.
PEARSON, J., dissents.
NOTES
[1] The appeal was dismissed on October 16, 1975. Cravero v. State, Fla.App. 1975, 320 So.2d 518.
[2] Note Webster v. State, Fla. 1970, 235 So.2d 499, 501, wherein it is held that one notice of appeal is sufficient to confer jurisdiction to review two final judgments of guilt on two counts of a single information (one defendant, one trial).
[3] See form for joinder in appeal, Rule 7.2, Florida Appellate Rules.
[4] Rule 3.11(b), Florida Appellate Rules, is not inconsistent with Part VI of the Florida Appellate Rules, governing criminal appeals and, therefore, under Rule 6.1, Florida Appellate Rules, it is applicable to criminal appeals.