ON REHEARING
PER CURIAM.
Appellant, Thomas, was charged with and tried for, in Count I, possession of a firearm while committing a felony (aggravated assault) and, in Count II, aggravated assault.
He was found guilty by jury verdict of the offense charged in Count I but as to Count II he was convicted of the lesser included offense of simple assault.
On appeal, Thomas presents the rather logical argument that since he was convicted of simple assault (a misdemeanor) he was necessarily acquitted of the felony charge, and thus, he could not at the same time be convicted of possession of a firearm while committing a felony.[1]
His logic is sound, as is his law. Redondo v. State, 403 So.2d 954 (Fla.1981), upon which he relies, clearly supports his position and requires that the judgment and sentence on Count I be reversed and that he be discharged as to the possession charge.
Reversed as to the judgment on Count I, affirmed as to the judgment on Count II (which was also appealed but as to which no issue is raised).
*617 BERANEK, HERSEY, JJ., and WILLIAM C. OWEN, Jr., Associate Judge, concur.

. Thomas is fortunate that as to Count II, the jury (in acquitting him of any felony) found him guilty of a lesser included misdemeanor. If, instead, the jury had acquitted him on Count I totally and completely, and he made the same argument as he presents here (despite its seeming to be equally, if not more, logical), he would fail. See Pitts v. State, 425 So.2d 542 (Fla.1983).