440 So.2d 514 (1983)
Roger GONZALEZ, Appellant,
v.
STATE of Florida, Appellee.
No. 82-2223.
District Court of Appeal of Florida, Fourth District.
November 16, 1983.
*515 Geoffrey C. Fleck and Jeffrey S. Weiner of Weiner, Robbins, Tunkey & Ross, P.A., Miami, for appellant.
Jim Smith, Atty. Gen., Tallahassee, Max Rudmann and Debra Mann, Asst. Attys. Gen., West Palm Beach, for appellee.
ANSTEAD, Chief Judge.
This is an appeal from convictions for kidnapping and robbery with a firearm based upon jury verdicts which also acquitted the appellant of possession of a firearm during the commission of a felony.
Gonzalez challenges the sufficiency of the evidence and, since the verdict of acquittal suggests that the jury found that Gonzalez did not commit a felony or that he did not possess a firearm, Gonzalez also contends that the verdicts are inconsistent and his conviction of robbery with a firearm cannot stand. We believe the evidence presented was sufficient to sustain both convictions. The inconsistent verdicts issue is more difficult to resolve.
The Federal courts permit inconsistent verdicts. Dunn v. United States, 284 U.S. 390, 52 S.Ct. 189, 76 L.Ed. 356 (1932). Such verdicts have included those which found a defendant guilty of conspiracy while acquitting him of the substantive act and those which found a defendant guilty of some counts and innocent of others when all the evidence was provided by a single witness. True inconsistent verdicts, those in which an acquittal on one count negates a necessary element for conviction on another count, are rare, but even those have been upheld by Federal courts. Dunn; United States v. Dudley, 581 F.2d 1193 (5th Cir.1978).
While many states adhere to the federal rule, a substantial minority of states make an exception for "true" inconsistent verdicts. See People v. Bullis, 30 A.D.2d 470, 294 N.Y.S.2d 331 (N.Y.App. 1968), which attempts to distinguish "true" inconsistent verdicts from others; DeSacia v. State, 469 P.2d 369 (Alaska 1970); People v. Pearson, 16 Ill. App.3d 543, 306 N.E.2d 539 (1973); People v. Goodchild, 68 Mich. App. 226, 242 N.W.2d 465 (1976); People v. Dercole, 72 A.D.2d 318, 424 N.Y.S.2d 459 (N.Y.App. 1980); Cochran v. State, 136 Ga. App. 125, 220 S.E.2d 477 (1975).
After initially adopting the federal rule in Goodwin v. State, 157 Fla. 751, 26 So.2d 898 (1946), the Florida Supreme Court apparently recognized the "true" inconsistent verdict exception to the rule in Mahaun v. State, 377 So.2d 1158 (Fla. 1979). Mahaun held that a conviction of felony murder must be vacated if the jury acquits the defendant of the underlying felony charge because the acquittal constitutes a specific finding of the non-existence of the felony. Subsequently, in Redondo v. State, 403 So.2d 954 (Fla. 1981), the court vacated a conviction for the possession of a firearm during the commission of a felony after the jury acquitted Redondo of aggravated battery and attempted aggravated battery charges. The import of these decisions was recently clarified by the Supreme Court in Eaton v. State, 438 So.2d 822 (Fla. 1983) wherein the court stated in rejecting a claim of inconsistency:
The distinction between these cases and the case at bar is obvious. In the cited cases the underlying felony was a part of the crime charged  without the underlying felony the charge could not stand.
The jury is, in all cases, required to return consistent verdicts as to the guilt of an individual on interlocking charges.
In Thomas v. State, 430 So.2d 616 (Fla. 4th DCA 1983), this court followed Redondo in an identical situation, as did the Third District in Wooten v. State, 404 So.2d 1072 (Fla. 3d DCA 1981) and Palacio v. State, 402 So.2d 500 (Fla. 3d DCA 1981). In Ayrado v. State, 431 So.2d 320 (Fla. 3d DCA 1983), the court reversed a conviction for the use of a firearm during a felony because the jury found Ayrado not guilty by reason of insanity of charges of first degree murder and attempted first degree murder. In each case the jury's acquittal on one count appeared to negate a specific element necessary for conviction on the other count.
*516 Several Florida cases have acknowledged the Mahaun rule but have refused to vacate allegedly inconsistent verdicts. Pitts v. State, 425 So.2d 542 (Fla. 1983); McCray v. State, 397 So.2d 1229 (Fla. 3d DCA 1981), aff'd, 425 So.2d 1 (Fla. 1983); Marshall v. State, 421 So.2d 714 (Fla. 3d DCA 1982). In each of these cases, an attempt was made to reconcile verdicts which convicted the defendants of the possession of firearms during the commission of felonies while acquitting them of the underlying felonies. In Pitts and McCray, while the defendants were acquitted of felony charges, the juries were not instructed on attempted felony charges. Thus, the court reasoned, the defendants were not acquitted of attempted felonies. Because a possession conviction may be based on the attempted commission of a felony, the possession convictions in these cases were allowed to stand. In Marshall, an acquittal on a possession charge did not invalidate a felony murder conviction because there was evidence that a co-defendant evidently carried the gun. Also see Eaton v. State, supra.
In the present case, Gonzalez was acquitted of possession of a firearm during the commission of a felony, but convicted of robbery with a firearm and kidnapping. We, of course, cannot determine the basis upon which the jury acted in acquitting Gonzalez of a charge that is essentially the mirror image of the robbery with a firearm charge. The robbery conviction is a felony and includes, as a necessary element, possession of a firearm. Actually, under current Florida law on double jeopardy, a defendant cannot be lawfully convicted of such closely related charges. Spencer v. State, 438 So.2d 864 (Fla. 1st DCA 1983). In this instance, it appears that a lay jury may have been quicker to recognize a problem than the judicial system and, having done so, dealt with it by acquitting Gonzalez of the related charge which sought to punish the defendant twice for essentially the same act.
However, having received the benefit of the jury's action, we do not believe Gonzalez is entitled to use that action as a means for setting aside the finding of guilt on the robbery charge. Unlike the cases relied on by Gonzalez and discussed above, possession of a firearm during the commission of a felony is not a necessary element of the crime of robbery with a firearm. While it may be true that one cannot be convicted of possession of a firearm during the commission of a felony if it has been legally established that no felony took place, the converse is not true, at least in our view. Cf. Eaton v. State, supra.
We concede our tendency to agree with the federal decisions on this point recognizing no exception to the rule that apparent inconsistent verdicts are permissible. In our view, since juries have the inherent authority to acquit a defendant of all or any of the charges, it is impossible to determine whether verdicts convicting a defendant of some charges and acquitting him of others are "truly" inconsistent. Cf. Eaton v. State, supra. In any case, we do not believe the present case falls within the exception recognized by the Florida Supreme Court, an exception we would of course be obligated to follow, if applicable.
Accordingly, the convictions and sentences are affirmed.
HURLEY, J., and WESSEL, JOHN D., Associate Judge, concur.