PER CURIAM.
The appellant, Hubert A. Sparkman, challenges his conviction for conspiracy to sell cocaine. We reverse.
The appellant and his codefendant, Randy Gilberry, were both charged by information with the sale of cocaine in violation of section 893.13(l)(a)(l), Florida Statutes (1985), possession of cocaine in violation of section 893.13(l)(e), Florida Statutes (1985), and conspiracy to sell cocaine in violation of section 777.04, Florida Statutes (1985). The state specifically alleged in the conspiracy count that “RANDY GILBERRY AND HUBERT SPARKMAN on the 30th day of July, 1985, ... did agree, conspire, combine and confederate together to commit an offense, to-wit, sale of cocaine, in violation of Section 777.04, Florida Statutes_”
The appellant and Gilberry were tried by a jury in a joint trial. The appellant moved for acquittal on all three counts, and he renewed this motion at the close of all the evidence. Although Gilberry was found not guilty of all three counts, the appellant was found guilty of conspiracy to sell cocaine as well as possession of cocaine. In this timely appeal, the appellant contends only that his conviction on the conspiracy charge must be reversed. We agree.
The gravamen of the offense of criminal conspiracy is the agreement between two or more persons. Pearce v. State, 330 So.2d 783 (Fla. 1st DCA), cert. denied, 341 So.2d 293 (Fla.1976). Where, as here, the information does not allege that the coconspirator is unknown to the state and the only other person named in the charging document as having conspired with a defendant is acquitted, the defendant’s conviction for conspiracy cannot stand. See Filer v. State, 285 So.2d 669 (Fla. 2d DCA 1973). We, accordingly, reverse the appellant’s conviction on the conspiracy to sell cocaine charge and remand so that this charge may be stricken from his criminal record. Although we affirm the appellant’s conviction on the possession charge, we also remand for resentencing on that charge because the elimination of the conspiracy conviction may alter the sentence permitted under the guidelines.
Affirmed in part, reversed in part, and remanded with instructions.
DANAHY, A.C.J., and SCHOONOVER and PARKER, JJ., concur.