PER CURIAM.
This is an appeal from a judgment of conviction and sentence of fifteen years’ imprisonment on Count I, trafficking cocaine, and fifteen years’ imprisonment on Count II, conspiracy to traffic cocaine, to be served concurrently, with a fifteen-year mandatory minimum, plus a mandatory fine of $250,000.
Register assigns as error the action of the trial court in 1) denying her motion for mistrial made after a state witness accused defense counsel of threatening her, and 2) denying her motion for directed verdict or judgment of acquittal based upon the insufficiency of the evidence.
We have carefully considered the remarks of the witness referenced in point one above and Register’s contentions regarding them, and find that reversible error has not been demonstrated in this regard.
The second appellate point presented relates to the fact that the conviction of Register of conspiracy to traffic in cocaine cannot stand because the only other alleged conspirator has been acquitted. Sparkman v. State, 528 So.2d 497 (Fla. 2d DCA 1988); Cravero v. State, 334 So.2d 152 (Fla. 3d DCA 1976); Filer v. State, 285 So.2d 669 (Fla. 3d DCA 1976).
Register and Richard Pickover were jointly charged in Count II of the information for conspiring with each other to traffic in cocaine. Both were convicted. On appeal, this court found in Pickover v. State, 580 So.2d 287 (Fla. 4th DCA, 1991), that the evidence of conspiracy was insufficient to support the conviction of Pickover for conspiracy and the conviction was reversed.
The state contends that the issue has not been preserved by Register because she failed to move for judgment of acquittal on the specific ground that the state failed to prove Pickover’s guilt. While we must concede that defense counsel’s presentation of his motion for directed verdict could have been better articulated, it is clear to us that Register’s counsel did move for a directed verdict based on the sufficiency of the evidence both at the close of the state’s case and at the conclusion of all of the evidence. We thus find that the issue was preserved and that it requires a reversal of the conviction based upon Count II of the information charging Register with conspiracy to traffic in cocaine.
Accordingly, the judgment of conviction and sentence on Count II of the information are reversed. In all other respects the judgment and sentence are affirmed.
DOWNEY, GUNTHER and POLEN, JJ„ concur.