LAWRENCE, Judge.
The State seeks reversal of a final order arresting judgment following Cynthia Lynn Powell’s conviction of conspiracy to commit murder. The trial judge felt compelled to grant Powell’s motion based upon this court’s decision in Pearce v. State, 330 So.2d 783 (Fla. 1st DCA), cert. denied, 341 So.2d 293 (Fla.1976), while expressing his view that the principle of law involved is incorrect. We likewise affirm the trial court’s order because of our decision in Pearce, but do so reluctantly for the reasons expressed in this opinion. We consider the issue involved to be one of great public importance and we thus certify a question to the supreme court.
Powell and her boyfriend, Michael Cross, were jointly charged with conspiring to murder the victim of an alleged sexual battery. Cross previously had been charged with committing the sexual battery, and was in jail awaiting trial at the time he and Powell were charged with the conspiracy count in the instant ease. The amended information charged that the two “did agree, conspire, combine or confederate with each other to commit Murder contrary to the provisions of Sections 782.04(1)(a) and 777.04(3), Florida Statutes.” (Emphasis added.) At trial, the jury acquitted Cross, but Powell was convicted as charged. Powell moved to arrest judgment, arguing that the jury verdict was inconsistent and that she was entitled to discharge. The trial court granted the motion, resulting in this appeal by the State.
The State argues that the order arresting judgment should be reversed because the trial court relied on Florida case law, which was based on federal case law that has since been overruled. Our decision in Pearce applied the “rule of consistency,” adopting the rationale of our sister court in Filer v. State, 285 So.2d 669 (Fla. 2d DCA 1973). In Filer, the court relied exclusively on federal case law, including Herman v. United States, 289 F.2d 362 (5th Cir.), cert. denied, 368 U.S. 897, 82 S.Ct. 174, 7 L.Ed.2d 93 (1961), which has since been overruled by the decision in United States v. Andrews, 850 F.2d 1557 (11th Cir.1988), cert. denied, 488 U.S. 1032, 109 S.Ct. 842, 102 L.Ed.2d 974 (1989).
The general rule that inconsistent verdicts in criminal cases are permissible was established long ago in Dunn v. United States, 284 U.S. 390, 52 S.Ct. 189, 76 L.Ed. 356 (1932). Then, in 1961, the Fifth Circuit Court of Appeals in Herman carved out an exception to the general rule. This exception provided that, where all named co-conspirators are tried together and no unidentified co-conspirators are alleged, an acquittal of all co-conspirators but one requires acquittal of the remaining defendant. This principle became known as the “rule of consistency.”
After the Herman exception, the United States Supreme Court, in United States v. Powell, 469 U.S. 57, 105 S.Ct. 471, 83 L.Ed.2d 461 (1984), reaffirmed its holding in Dunn, saying:
We believe that the Dunn rule rests on a sound rationale that is independent of its theories of res judicata, and that it therefore survives an attack based upon its presently erroneous reliance on such theories. As the Dunn Court noted, where truly inconsistent verdicts have been *1302 reached, ‘[t]he most that can be said ... is that the verdict shows that either in the acquittal or the conviction the jury did not speak their real conclusions, but that does not show that they were not convinced of the defendant’s guilt.’ Dunn, supra, at 393 [76 L.Ed. 356, 52 S.Ct. 189, 190, 80 ALR 161]. The rule that the defendant may not upset such a verdict embodies a prudent acknowledgment of a number of factors. First, as the above quote suggests, inconsistent verdicts — even verdicts that acquit on a predicate offense while convicting on the compound offense— should not necessarily be interpreted as a windfall to the Government at the defendant’s expense. It is equally possible that the jury, convinced of guilt, properly reached its conclusion on the compound offense, and then through mistake, compromise, or lenity, arrived at an inconsistent conclusion on the lesser offense. But in such situations the Government has no recourse if it wishes to correct the jury’s error; the Government is precluded from appealing or otherwise upsetting such an acquittal by the Constitution’s Double Jeopardy Clause.
[[Image here]]
.... The fact that the inconsistency [in the jury verdict] may be the result of lenity, coupled with the Government’s inability to invoke review, suggests that inconsistent verdicts should not be reviewable.
Powell, 469 U.S. at 64-66, 105 S.Ct. at 476-477 (citations omitted). The Powell court further noted that a criminal defendant is protected from any irrationality on the part of the jury by the independent review of the sufficiency of the evidence conducted by the trial and appellate courts. Id. at 67, 105 S.Ct. at 478.
Faced with Powell, the Eleventh Circuit, sitting en banc in Andrews, receded from its holding in Herman, saying:
Upon reconsideration of the consistency issue as a full Court, we overrule Herman. Consistent verdicts are unrequired in joint trials for conspiracy: where all but one of the charged conspirators are acquitted, the verdict against the one can stand. The compelling rationale of Dunn and its pro-gency [sic], including Powell, brings us to this conclusion.... It is just as likely that the admittedly inconsistent verdicts in this case are ‘the result of mistake, or lenity, and therefore [they] are subject to the Dunn rationale.’ Under the circumstances, ‘the best course to take is simply to insulate jury verdicts from review on this ground.’
Andrews, 850 F.2d at 1561-62 (citations omitted).
Although the inconsistent verdicts in Powell and Dunn did not involve the offense of conspiracy, the facts in Andrews did involve a jury trial where all but one of the co-conspirators were acquitted. At least two other circuits have reached the same conclusion as Andrews. United States v. Bucuvalas, 909 F.2d 593 (1st Cir.1990); United States v. Valles-Valencia, 823 F.2d 381 (9th Cir.1987). Other circuits, in dictum, have expressed doubts about the continued validity of the “rule of consistency.” United States v. Zunigar-Salinas, 952 F.2d 876 (5th Cir.1992); United States v. Garcia, 882 F.2d 699 (2d Cir.), cert. denied, 493 U.S. 943, 110 S.Ct. 348, 107 L.Ed.2d 336 (1989); United States v. Sachs, 801 F.2d 839 (6th Cir.1986).
While the underlying federal case law has changed, the parties and our independent research reveal no Florida case which addresses this issue in light of Powell and Andrews. Therefore, based upon our decision in Pearce, we must affirm. At the same time, we doubt the continued viability of the “consistency rule” in Florida, since its underpinnings have been removed. Accordingly, we certify the following question to the supreme court as one of great public importance:
DOES THE “RULE OF CONSISTENCY” EXCEPTION, AS IT RELATES TO A JURY VERDICT IN A SINGLE CASE AND TRIAL WHERE ALL BUT ONE OF THE CO-CONSPIRATORS ARE AC *1303 QUITTED, REMAIN VIABLE IN FLORIDA FOLLOWING THE DECISIONS IN POWELL[1] and ANDREWS,[2] THE LATTER OF WHICH OVERRULED FEDERAL CASE LAW UPON WHICH THE FLORIDA EXCEPTION WAS ORIGINALLY BASED?
WOLF and WEBSTER, JJ., concur.

. United States v. Powell, 469 U.S. 57, 105 S.Ct. 471, 83 L.Ed.2d 461 (1984).

. United States v. Andrews, 850 F.2d 1557 (11th Cir.1988), cert. denied, 488 U.S. 1032, 109 S.Ct. 842, 102 L.Ed.2d 974 (1989).