We have for review a decision passing upon the following question from the First District Court of Appeal certified to be of great public importance:
 DOES THE "RULE OF CONSISTENCY" EXCEPTION, AS IT RELATES TO A JURY VERDICT IN A SINGLE CASE AND TRIAL WHERE ALL BUT ONE OF THE CO-CONSPIRATORS ARE ACQUITTED, REMAIN VIABLE IN FLORIDA FOLLOWING THE DECISIONS IN UNITED STATES v. POWELL, 469 U.S. 57 [105 S.Ct. 471, 83 L.Ed.2d 461] (1984) AND UNITED STATES v. ANDREWS, 850 F.2d 1557
(11TH CIR. 1988), CERT. DENIED, 488 U.S. 1032 [109 S.Ct. 842, 102 L.Ed.2d 974] (1989), THE LATTER OF WHICH OVERRULED FEDERAL CASE LAW UPON WHICH THE FLORIDA EXCEPTION WAS ORIGINALLY BASED?
State v. Powell, 659 So.2d 1301 (Fla. 1st DCA 1995). We have jurisdiction. Art. V, § 3 (b)(4), Fla. Const.
For the reasons explained herein, we quash the decision under review and hold that an acquittal of all jointly tried accused conspirators but one does not require the acquittal of the remaining conspirator.
By amended information, the State charged Cynthia Powell and her boyfriend, Michael Cross, with conspiracy to commit murder. The State alleged that Cross and Powell did agree, conspire, combine or confederate with each other to commit murder. At their joint trial, the jury acquitted Cross and convicted Powell.
Relying on the rule of consistency, Powell moved to arrest judgment. Under the rule of consistency, when all named accused conspirators are tried together and no unidentified conspirators are alleged and all but one of the conspirators are acquitted, the verdict against the remaining conspirator will not be allowed to stand. Pearce v. State, 330 So.2d 783 (Fla. 1st DCA), cert.denied, 341 So.2d 293 (Fla. 1976).
The trial court granted the motion. The First District Court of Appeal, which had previously adopted the rule of consistency inPearce, affirmed the trial court and certified the above question.
As a general rule, inconsistent jury verdicts are permitted in Florida. Eaton v. State, 438 So.2d 822 (Fla. 1983); Goodwin v.State, 157 Fla. 751, 26 So.2d 898 (1946); *Page 733 Gonzalez v. State,440 So.2d 514 (Fla. 4th DCA), review dismissed, 444 So.2d 417 (Fla. 1983). Inconsistent verdicts are allowed because jury verdicts can be the result of lenity and therefore do not always speak to the guilt or innocence of the defendant. See Eaton, 438 So.2d at 823. Moreover, defendants have adequate procedural and constitutional protections to ensure that their convictions are not erroneous, whereas the State does not have the benefit of any reciprocal protections. Cf. Potts v. State, 430 So.2d 900 (Fla. 1982) (relied on similar reasoning to hold that defendant tried separately from co-conspirator is not entitled to raise conviction of co-conspirator for a lesser offense as a bar to defendant's conviction for a greater offense).
This Court has recognized only one exception to the general rule allowing inconsistent verdicts. This exception, referred to as the "true" inconsistent verdict exception, comes into play when verdicts against one defendant on legally interlocking charges are truly inconsistent. As Justice Anstead explained when writing for the Fourth District Court of Appeal in Gonzalez, true inconsistent verdicts are "those in which an acquittal on one count negates a necessary element for conviction on another count." 440 So.2d at 515. For example, this Court has required consistent verdicts when
 the underlying felony was a part of the crime charged — without the underlying felony the charge could not stand. The jury is, in all cases, required to return consistent verdicts as to the guilt of an individual on interlocking charges.
Eaton, 438 So.2d at 823; see Mahaun v. State, 377 So.2d 1158
(Fla. 1979) (verdict of guilty as to felony-murder set aside where jury failed to find defendant guilty of the underlying felony); Redondo v. State, 403 So.2d 954 (Fla. 1981) (defendant could not be convicted of unlawful possession of a firearm during a commission of felony where the jury failed to find the defendant guilty of any felony). An exception to the general rule is warranted when the verdicts against a single defendant are truly inconsistent because the possibility of a wrongful conviction in such cases outweighs the rationale for allowing verdicts to stand.
Inconsistent verdicts against jointly tried conspirators are not truly inconsistent and we find no compelling reason to except such verdicts from the general rule. Cf. Eaton, 438 So.2d 822
(refusing to recognize exception where, after joint trial, defendant was convicted of first-degree murder and attempting to escape, while trigger-man was convicted of second-degree murder and aiding in defendant's attempt to escape). Even the federal court that created the rule of consistency has since rejected it.
In 1961, the Fifth Circuit Court of Appeals adopted the rule of consistency in conspiracy cases. Herman v. United States,289 F.2d 362 (5th Cir.), cert. denied, 368 U.S. 897, 82 S.Ct. 174, 7 L.Ed.2d 93 (1961). Although the Herman court gave little justification for a rule requiring consistent verdicts where conspirators are tried together, a few Florida courts, including the First District Court of Appeal in Pearce, adopted the exception. Filer v. State, 285 So.2d 669 (Fla. 2d DCA 1973);Pearce v. State, 330 So.2d 783 (Fla. 1st DCA 1976); Cravero v.State, 334 So.2d 152 (Fla. 3d DCA 1976), cert. denied,
342 So.2d 1103 (Fla. 1977); Sparkman v. State, 528 So.2d 497 (Fla. 2d DCA 1988). However, more recently both the Fifth and Eleventh Circuit Courts of Appeals overruled the Herman decision. United States v.Andrews, 850 F.2d 1557 (11th Cir. 1988), cert. denied,488 U.S. 1032, 109 S.Ct. 842, 102 L.Ed.2d 974 (1989) (relying on UnitedStates v. Powell, 469 U.S. 57, 105 S.Ct. 471, 83 L.Ed.2d 461 (1984)); United States v. Zuniga-Salinas, 952 F.2d 876 (5th Cir. 1992) (same). Other federal circuit courts likewise have refused to recognize the rule of consistency. United States v. Bucuvalas,909 F.2d 593 (1st Cir. 1990); United States v. Garcia,882 F.2d 699 (2d Cir.), cert. denied, 493 U.S. 943, 110 S.Ct. 348, 107 L.Ed.2d 336 (1989); United States v. Valles-Valencia,823 F.2d 381 (9th Cir. 1987).
We see no reason to recognize an exception to the general rule allowing inconsistent verdicts when that exception is based on federal precedent that has been overruled, particularly when that exception is inconsistent with prior decisions of this Court. Accordingly, we quash the decision under *Page 734 
review, and remand for proceedings consistent with this opinion.
It is so ordered.
GRIMES, C.J., and OVERTON, SHAW, HARDING, WELLS and ANSTEAD, JJ., concur.