741 So.2d 1234 (1999)
Monte Kitana CUEVAS, Appellant,
v.
STATE of Florida, Appellee.
No. 98-2818.
District Court of Appeal of Florida, Fifth District.
October 1, 1999.
*1235 J. Peyton Quarles, Daytona Beach, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Carmen F. Corrente, Assistant Attorney General, Daytona Beach, for Appellee.
ANTOON, C.J.
Monte Cuevas appeals his judgments and sentences, arguing that he is entitled to receive a new trial because the verdict rendered by the jury in this case constituted a truly inconsistent verdict. We disagree and affirm.
In March 1996, Mr. Cuevas and his codefendant attended "Bike Week," a motorcycle event in Daytona Beach. On the evening in question, the victim accepted the codefendant's invitation to enter a tent which the codefendant was sharing with Mr. Cuevas. While the codefendant and the victim were inside, Mr. Cuevas entered the tent. Once inside, Mr. Cuevas brandished a knife and told the victim that he and the codefendant were going to have sex with her. The codefendant then engaged in vaginal sex with the victim; thereafter, Mr. Cuevas engaged in anal sex with the victim.
As a result of these acts, the state charged in count I of the information that Mr. Cuevas had committed the crime of sexual battery by anal penetration;[1] the state also charged in count I that the punishment for the crime should be enhanced because Mr. Cuevas was one of multiple perpetrators.[2] In count II, the state charged that Mr. Cuevas had aided and abetted his codefendant in committing the crime of sexual battery by vaginal penetration.[3]
At the conclusion of the evidence the trial court instructed the jury on the crimes charged. With regard to count I, the court instructed the jury on the crime of sexual battery by anal penetration only. As a part of the instruction on sexual battery by anal penetration, the jury was advised as follows:
If you find that the State has proved that during the same criminal transaction or episode, more than one person committed an act of sexual battery on the same victim, you should find the defendant guilty of sexual battery with threat of force by multiple perpetrators.
(Emphasis added). The instruction on count I did not include any reference to sexual battery by vaginal penetration, nor did any subsequent instruction explain to the jury that verdicts of guilty as to both counts would qualify Mr. Cuevas for sentencing as a multiple perpetrator.
After deliberating, the jury returned verdicts finding Mr. Cuevas guilty of count I, sexual battery by anal penetration, but did not find that the crime should be enhanced because there were multiple perpetrators. The jury also found Mr. Cuevas guilty of count II, aiding and abetting his codefendant in committing the crime of sexual battery by vaginal penetration.[4] Mr. Cuevas argues that these verdicts are "truly inconsistent" thereby entitling him to receive a new trial. We disagree.
Generally, Florida courts permit inconsistent jury verdicts to be entered in *1236 criminal cases thereby allowing for jury lenity because such verdicts do not speak to the guilt or innocence of the defendant. See State v. Powell, 674 So.2d 731, 732 (Fla.1996). However, Florida courts have recognized that an exception exists to this general rule when the jury's verdict is legally inconsistent; that is, when the charges against the defendant are legally interlocking and the verdicts are truly inconsistent. Id. at 732. In Powell, the supreme court adopted the definition of the term "truly inconsistent" verdict which was crafted by Justice, then Judge, Anstead in Gonzalez v. State, 440 So.2d 514 (Fla. 4th DCA), review dismissed, 444 So.2d 417 (Fla.1983). Justice Anstead defined truly inconsistent verdicts as those verdicts "`in which an acquittal on one count negates a necessary element for conviction on another count.'" Powell, 674 So.2d at 733 (quoting Gonzalez, 440 So.2d at 515). Examples of this concept include instances where a defendant is convicted on a felony-murder charge but acquitted on the underlying felony charge, and where a defendant is found guilty on a possession of a firearm during the commission of a felony charge but acquitted on the underlying felony charge. See Mahaun v. State, 377 So.2d 1158 (Fla.1979); see also Redondo v. State, 403 So.2d 954 (Fla.1981). In both cases the acquittal on the lesser charge negated an essential element in the more serious charge because "without the underlying felony the [more serious] charge could not stand." Eaton v. State, 438 So.2d 822 (Fla.1983). Importantly, the Powell court cautioned that this "truly inconsistent" verdict exception to the jury pardon rule can apply only when the possibility of a wrongful conviction "outweighs the rationale for allowing verdicts to stand." Powell, 674 So.2d at 733. This distinction between factually inconsistent verdicts and legally inconsistent verdicts was recently recognized by the supreme court in State v. Connelly, No. 93,507, ___ So.2d ___, 1999 WL 628784 (Fla. Aug. 19, 1999).
Here, the jury's decision declining to apply the multiple perpetrator enhancer did not negate any element of the offense of sexual battery or otherwise diminish the integrity of the jury's verdict. We note that the jury's decision to find Mr. Cuevas not guilty on the multiple perpetrator charge may have been based on its misunderstanding of the law as a result of the jury instructions. In any event, there is no possibility that Mr. Cuevas was wrongfully convicted in this case. Accordingly, we affirm Mr. Cuevas' judgments and sentences.
JUDGMENTS and SENTENCES AFFIRMED.
PETERSON, J., concurs.
HARRIS, J., concurs specially, with opinion.
HARRIS, J., concurring specially.
With considerable uncertainty, I concur specially. I find this a difficult issue.
The supreme court in State v. Connelly, 24 Fla. L. Weekly S387, ___ So.2d ___, 1999 WL 628784 (Fla. Aug. 19, 1999), again rejected the Dunn rule[1] and reaffirmed Florida's position that verdicts which are "truly inconsistent" cannot stand if the verdicts are on legally interlocking charges. In doing so, the supreme court emphasized that truly inconsistent means more than merely factually inconsistent. *1237 To see what it does mean, we must closely examine the Connelly decision.
Connelly was charged under section 951.22 which creates certain crimes relating to contraband articles in a county detention facility. The statute makes it an offense to "introduce into or possess upon the grounds of any county detention facility" contraband, including cannabis. Connelly describes this statute as an "alternative conduct" statute which prohibits possession or introduction of contraband into a county correction facility. Connelly was charged with introduction of cannabis into the county jail. He was also charged separately with possessing the same cannabis.
"Possession upon the grounds of," of course, is a two-element offense (AB). The State must prove possession (A) upon the grounds of (B). If the State elects to charge simple possession (A) as a separate charge, it has separately charged a lesser included offense. "Introduction into," logically (the statute is silent on this point) may be proved in either of two ways: (1) defendant's possession on the grounds of a correction facility (AB) with the additional element that the circumstances of the possession eliminate the possibility that he received the contraband while in jail (C), or (2) proof that defendant aided and abetted another in the other's introduction of cannabis. The State, by not alleging an accomplice and not arguing aiding and abetting, chose to rely on the first method of proof and presented as its only evidence proof that Connelly was found almost immediately after his arrest in possession of cannabis under circumstances indicating that he had brought it in with him. Hence, the State presented an introduction charge with the elements ABC. This court, in considering Connelly, held that the State, by electing to proceed on the first method of proof, had legally interlocked a necessary element of the separately charged simple possession with the introduction charge. As indicated in Connelly, we were wrong. Because it is possible to prove introduction without proving possession, the charges were not legally interlocking, only factually so. See State v. McCloud, 577 So.2d 939 (Fla.1991).
The Connelly court indicated that had Connelly been charged with "possession upon the grounds of" instead of "introduction into" a different result would have occurred. Thus, in determining whether legally interlocking charges are involved, we must determine whether it is legally possible to be acquitted of one charge and yet be guilty of the other charged offense or, as stated in State v. Powell, 674 So.2d 731, 733 (Fla.1996), whether "an acquittal on one count negates a necessary element for conviction on another count."
This seems to limit the application of the legally interlocking charges concept to compound felonies which either involve a specific predicate offense (such as burglary with a battery) or one which involves a predicate offense which may be taken from a class of predicate offenses (such as felony murder). One wonders why the State would ever file the predicate offense separately when such offense is specifically made an element of the greater offense. For example, burglary (A) combined with a battery (B) forms the greater offense of burglary with a battery (AB). Both burglary and battery would be lesser included offenses of the greater offense. It is unnecessary to plead the lesser included offenses separately in order for either to be considered as alternative verdicts by the jury should the jury reject the greater charge. And, because of section 775.021(4)(b)3, Florida Statutes, a conviction of the greater offense bars a conviction also for the lesser included charges. The consequence, therefore, of pleading lesser included charges separately is to risk the greater offense if a jury pardons on the lesser included offense.
In Florida, however, there is a benefit in pleading the predicate offenses separately when the compound felony designates the predicate offense by category only. In felony murder, for example, although the *1238 federal courts consider the predicate offense as a species of a lesser included offense because the generic reference to "a felony" in the felony murder charge incorporates all of the elements of the various felonies on which the greater charge can rest,[2] Florida, under our Blockburger test (section 775.021(4)(a) and (b), Florida Statutes) holds that none of the elements of the potential predicate felonies are incorporated into our felony murder charge.[3] Therefore, the predicate felonies may be pled separately and a separate conviction can be entered. Suppose, for example, during the course of a robbery, the defendant brandishes a firearm and it negligently goes off killing the clerk. Defendant has committed two separate crimes, robbery (A) and, depending on the degree of depravity, either manslaughter or second degree murder (B). The State may charge the crimes separately and obtain separate convictions for each. In addition, the State may combine them into the greater offense of felony murder (AB) and, because the robbery is not a lesser included charge of (AB), plead (AB) and (A) and obtain a conviction for both. But if the jury finds that the robbery was not proved in the separate charge, then the felony murder cannot stand, not because of the lesser included restriction but because the charges are legally interlocking (robbery is a necessary element of the charged felony murder) and an acquittal on (A) would be legally inconsistent with a conviction on (AB). See State v. Powell, 674 So.2d 731 (Fla.1996).[4]
I have set out the above analysis because it is the crux of what follows. Now to the facts of this case. The victim testified that Cuevas, by threatening the victim with a knife, required her to submit to a sexual battery by his friend, Greene, and, immediately thereafter, to submit to Cuevas. Assuming the jury believes the victim, Cuevas committed two crimes, one of which was aiding and abetting in Greene's sexual battery. This is a two element offense (AB), both elements being essential: Greene must be shown to have sexually battered the victim (A) and Cuevas must be shown to have aided and abetted him (B). The second crime committed by Cuevas was his own sexual battery of the victim (C). Each offense can be charged separately and a separate conviction obtained on both. Cuevas' sexual battery may also be enhanced because he is alleged to have committed his sexual battery during the same criminal episode as Greene's assault.[5]
The State charged (AB) and (C) separately and charged Greene's assault (A) together with an additional element "within the same criminal episode" (D) in order to enhance (C). Therefore, Cuevas was charged with the compound felony of sexual battery involving multiple perpetrators during the same criminal episode: C(AD). The State therefore legally interlocked an essential element of Cuevas' aiding and abetting charge with the multiple perpetrator charge by alleging that each had a common essential element: Greene's sexual battery of the victim. Obviously, even if the jury acquits Cuevas on the separately charged aiding and abetting count (finding that Cuevas did not aid and abet Greene), a conviction on the enhanced sexual battery based on multiple perpetrators would *1239 not be legally inconsistent because the multiple perpetrator enhancer does not require proof of aiding and abetting. But the contrary may not be true. Suppose the jury, as it did in this case, rejects the multiple perpetrator enhancer. Is a conviction on the separate aiding and abetting charge legally inconsistent with an acquittal on the multiple perpetrator enhancer by which acquittal the jury may have found that Greene did not commit the offense? If Greene didn't do it, Cuevas could not have aided him.
By rejecting the multiple perpetrator enhancer the jury has made one of two findings; one creates a legal inconsistency, the other does not. It is theoretically possible, although factually inconceivable based on the victim's testimony, that the jury might have found that Greene's sexual battery did not occur during the same criminal episode. Although such a finding would defeat the multiple perpetrator enhancer which requires that proof of a continuing criminal episode, it would not be legally inconsistent with a conviction on the separate aiding and abetting charge because that charge does not depend on proof that it occurred during the same criminal episode. But the jury's verdict rejecting the multiple perpetrator enhancer could mean that the jury determined that Greene did not assault the victim. In this case, the jury's acquittal on the alleged multiple perpetrator enhancer has "negate[d] a necessary element for conviction of [assisting another's act of sexual battery]." Without Greene's assault, there could have been no aiding and abetting and a conviction on the separate aiding and abetting charge would seem legally inconsistent.
How are we to treat a jury's general verdict which reflects either of two findings, one in favor of the defendant and one in favor of the State. In May v. State, 721 So.2d 741 (Fla. 5th DCA 1998), this court in dealing with an issue involving sentencing points in a sexual crime in which the jury returned a general verdict of guilty but did not indicate whether it found contact or penetration, held that the court must sentence as though contact had been proved. This was the interpretation most favorable to the defendant. To us, this position was more consistent with the presumption of innocence, the high burden placed on the State in criminal matters, and the policy adopted by the legislature in mandating that a criminal statute subject to two constructions must be construed most favorably to the accused.[6] This also seems to be the position of the court in Torna v. State, 24 Fla. L. Weekly D1908, 742 So.2d 366 (Fla. 3d DCA 1999), in which the court determined that a general verdict finding the defendant guilty of burglary with an "assault and/or battery" disallowed a second conviction for the separately charged battery offense on double jeopardy grounds because the court "cannot now guess what the jury was thinking." It also seems to have been the position of the supreme court in Valentine v. State, 688 So.2d 313 (Fla.1996), in which the court, because it could not determine whether the jury returned a verdict of attempted first degree murder as a lesser included charge of first degree premeditated murder or first degree felony murder, required a new trial because attempted felony murder was determined not to be a crime in Florida.
It is only because the supreme court did not apply this rule in Connelly that I believe the rule may be inapplicable in inconsistent verdicts cases.[7] In Connelly, *1240 the jury might have convicted for "introduction" on either of two findings: (1) possession under circumstances tending to prove introduction or (2) aiding and abetting someone else's introduction. If it convicted on the greater charge because of continuous possession in one count, it would seem to be legally inconsistent to acquit on the possession of the same cannabis charged separately. But the test in an inconsistent verdicts case seems to be whether it is legally possible for the jury to have acquitted on the multiple perpetrator enhancer and still convict on the aiding and abetting charge. Of course it is possible. Here, it is not only theoretically possible, but equally possible, that the jury rejected the multiple perpetrator enhancer because it found Greene's assault did not occur during the same criminal episode rather than that Greene's sexual battery did not occur.
It is within our power to greatly reduce the confusion that accompanies inconsistent verdicts in legally interlocking cases. The problem, of course, is that if a defendant is prosecuted for a compound felony, say felony murder with robbery as the predicate offense, the jury may well believe that conviction of felony murder is adequate punishment for defendant's actions and thus it may acquit on the robbery charge as a partial pardon without realizing that the felony murder conviction must also fall. The jury is misled into believing that it can accomplish its limited pardon without affecting the greater offense because of the court's instruction that "a finding of guilty or not guilty as to one count must not affect your verdict as to the other crimes charged." I suggest that the committee on criminal jury instructions propose an instruction which would advise the jury that when counts involving legally interlocking charges are involved, the jury should first consider the predicate offense and should it find such offense not proved beyond a reasonable doubt, it should acquit also on the compound felony. On the other hand, if the predicate offense is sufficiently proved, then the jury should be instructed to consider the count alleging the compound felony. This instruction would be similar to, but in the reverse direction, the instruction on lesser included offenses. This procedure might well eliminate limited jury pardons with unintended consequences without affecting the jury's general pardon power.
NOTES
[1] § 794.011(4), Fla. Stat. (1995).
[2] § 794.023, Fla. Stat. (1995).
[3] § 794.011(4); 777.011, Fla. Stat. (1995).
[4] Mr. Cuevas has not challenged his judgment and sentence entered on count III, relating to the crime of false imprisonment, section 787.02, Florida Statutes (1995).
[1] The United States Supreme Court explained the Dunn Rule in United States v. Powell, 469 U.S. 57,64-66, 105 S.Ct. 471, 83 L.Ed.2d 461 (1984):

As the Dunn court noted, where truly inconsistent verdicts have been reached, "[t]he most that can be said ... is that the verdict shows that either in the acquittal or the conviction the jury did not speak their real conclusions, but that does not show that they were not convinced of the defendant's guilt."
* * *
The fact that the inconsistency may be the result of lenity, coupled with the Government's inability to invoke review, suggests that inconsistent verdicts should not be reviewable.
[2] U.S. v. Dixon, 509 U.S. 688, 113 S.Ct. 2849, 125 L.Ed.2d 556 (1993).
[3] State v. Enmund, 476 So.2d 165 (Fla.1985).
[4] See also Mahaun v. State, 377 So.2d 1158, 1160 (Fla.1979):

"In this case, Robert Mahaun was convicted of third-degree felony murder and aggravated child abuse; however, aggravated child abuse was an element of this felony murder. This is reflected in the information which charged appellants with murder while `in the perpetration of ... aggravated child abuse.' The State was authorized to charge appellant of both crimes. However, when the underlying crime is an element of the greater offense, the defendant may be convicted and sentenced only for the greater of the crimes."
[5] Section 794.023(2), Florida Statutes.
[6] Section 775.021(1), Florida Statutes.
[7] Even so, I'm still troubled with the possibility of both enhancement and an aiding and abetting conviction. Even though I recognize the necessary Blockburger distinction between the enhancer and the aiding and abetting charge, still I wonder if the legislature really intended for a defendant's sentence to be enhanced twice for a second person's sexual battery, once because the other attacker was an additional perpetrator and again because defendant assisted the other attacker in being an additional perpetrator. It is understandable why the jury said enough is enough.