922 So.2d 1018 (2006)
Bradley Allen DIAL, Appellant/cross-appellee,
v.
STATE of Florida, Appellee/cross-appellant.
No. 4D04-844.
District Court of Appeal of Florida, Fourth District.
February 15, 2006.
Rehearing Denied April 5, 2006.
*1019 Carey Haughwout, Public Defender, and Dea Abramschmitt, Assistant Public Defender, West Palm Beach, for appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and James J. Carney, Assistant Attorney General, West Palm Beach, for appellee.
MAY, J.
The tragic death of a young boy resulted in the defendant's conviction for aggravated manslaughter of a child and a sentence of thirty years. The defendant raises five issues. We find none of them warrants a reversal, but write to address two of the *1020 defendant's arguments: (1) the verdict was a true inconsistent verdict; and (2) the prosecutor's closing argument was improper. We find no merit in the State's cross appeal. We therefore affirm the defendant's conviction and sentence.
The defendant resided with his girlfriend and their respective children. The victim was the eight-year old son of the defendant's girlfriend. Testimony revealed the victim was a child who enjoyed video games and reading books. He was not interested in sports and physical activity. This irritated the defendant, who forced the boy to do push-ups and sit-ups. When the victim was unable to perform, the defendant would kick and punch him. It appears that both the victim's mother and her boyfriend frequently verbally and physically abused the boy.
An autopsy revealed the victim died of peritonitis, most likely caused by the defendant having kicked the victim in the abdomen when he was unable to do sit-ups. The medical examiner found extensive bruising on the victim's face, torso, and extremities. The victim suffered a dislocated vertebrae of the neck, a laceration of the liver, and a lethal perforation of his small intestine.
The State charged the defendant with first-degree felony murder (count I), aggravated child abuse (count II), and aggravated manslaughter of a child (count III). The jury found the defendant not guilty of counts I and II, but guilty of count III, aggravated manslaughter of a child. Defense counsel immediately moved for a mistrial. Counsel argued the verdict was a true inconsistent verdict because the jury had found the defendant not guilty of first-degree felony murder, but guilty of aggravated manslaughter of a child when each charge included the necessary element of culpable negligence. The court denied the motion and sentenced the defendant to thirty years.
We review questions of law de novo. Boyhan v. Maguire, 693 So.2d 659, 662 (Fla. 4th DCA 1997).
Florida allows inconsistent verdicts because they may result from a jury's lenity rather than a definitive statement on the innocence or guilt of a defendant. See State v. Connelly, 748 So.2d 248 (Fla.1999); see also State v. Powell, 674 So.2d 731 (Fla.1996). A limited exception exists, however, where there is a true inconsistent verdict on legally interlocking charges. Id. at 733. This court has defined true inconsistent verdicts as "those in which an acquittal on one count negates a necessary element for conviction on another count." Gonzalez v. State, 440 So.2d 514, 516 (Fla. 4th DCA 1983).
In this case, the court instructed the jury on the lesser included offense of count I as follows:
To prove the crime of manslaughter, the State must prove the following two elements beyond a reasonable doubt:
Number One, Jose Torres is dead.
Two, Bradley Allen Dial intentionally caused the death of Jose Torres, or the death of Jose Torres was caused by the culpable negligence of Bradley Allen Dial.
On count III, the jury was instructed:
To prove the crime of aggravated manslaughter of a child the State must prove the following three elements beyond a reasonable doubt:
Number One, Jose Torres is dead.
Two, the death of Jose Torres was caused by the culpable negligence of Bradley Allen Dial.
And three, Jose Torres was under the age of 18 years.
*1021 The court also instructed the jury that a finding of guilty or not guilty as to one crime must not affect its verdict as to the other crimes charged.
The defendant argues that because culpable negligence was a necessary element in both counts I and III, it is inconsistent for the jury to have acquitted him on count I, but convicted him on count III. The State argues that while the verdicts may be inconsistent, common sense dictates that the jury realized there should be only one conviction for one death. In addition, the State argues the defendant is prohibited from raising the issue of an inconsistent verdict because he failed to object to the instruction that the finding of one count was not to affect the jury's finding as to another count.
We agree with the State that the jury's verdict comports with common sense and the law and is not a true inconsistent verdict.
In Connelly, our supreme court found no true inconsistency in a verdict where the defendant was convicted of introducing contraband into a facility, but found not guilty of possessing it. While the court found the verdict inconsistent, that inconsistency was based on facts, not law, and thus was permissible. "Under the evidence, for Connelly to have introduced contraband, such contraband would have had to have been in his possession based on the fact that no evidence indicated that he otherwise caused the introduction of the contraband upon the grounds of the detention facility." 748 So.2d at 252. The court recognized that it could not determine the reason for the jury's verdict or its use of its "inherent authority to acquit" the defendant. Nevertheless, the court permitted the inconsistency to stand.
Similarly, in Gonzalez, this court upheld a verdict in which the defendant was found guilty of robbery with a firearm, but acquitted of possession of a firearm during the commission of a felony. "The robbery conviction is a felony and includes, as a necessary element, possession of a firearm." 440 So.2d at 516. But, it was "impossible to determine whether verdicts convicting a defendant of some charges and acquitting him of others [were] `truly' inconsistent." Id. The verdict was inconsistent, but sustainable. We find the same reasoning and result should apply here.
First, had the jury convicted the defendant of both counts I and III, then a double jeopardy problem would have arisen because the defendant could not have been convicted of more than one manslaughter charge for a single death. See, e.g., State v. Chapman, 625 So.2d 838 (Fla. 1993). Second, the court's instruction to the jury that a finding on one count should not affect its verdict on the other counts advised it to do precisely what it did: find the defendant guilty of one count without finding the defendant guilty of the other. Third, the jury found the defendant guilty of the count most closely aligned with the facts of the case  the death of a child.[1]
This is a case where "it appears that a lay jury may have been quicker to recognize a problem than the judicial system and, having done so, dealt with it by acquitting [the defendant] of the related charge which sought to punish the defendant twice for essentially the same act." Gonzalez, 440 So.2d at 516. We find no error in the jury's verdict or the trial court's denial of the defendant's motion for mistrial.
The defendant also argues the prosecutor's closing argument crossed the *1022 line of acceptability. We agree the prosecutor chose an argument that needlessly placed the defendant's conviction in jeopardy. However, we find the error harmless.
In a closing argument, a prosecutor is not limited to a "flat, robotic recitation[] of `just the facts.'" Diaz v. State, 797 So.2d 1286, 1287 (Fla. 4th DCA 2001) (citations omitted). However, during her rebuttal argument, the prosecutor told the story of the case through the voice of the eight-year old victim. The objectionable portion of the argument began, "Hi, I'm Joey and I'm eight," and continued in the first person for ten pages of transcript. Although creative and well-phrased, the argument was an improper appeal to the jury for sympathy for the victim, "the natural effect of which would be hostile emotions toward the accused. It is the responsibility of the prosecutor to seek a verdict based on the evidence without indulging in appeals to sympathy, bias, passion or prejudice." Edwards v. State, 428 So.2d 357, 359 (Fla. 3d DCA 1983); see also Johns v. State, 832 So.2d 959, 962 (Fla. 2d DCA 2002); Thomas v. State, 787 So.2d 27, 30 (Fla. 2d DCA 2001); People v. Fields, 35 Cal.3d 329, 197 Cal.Rptr. 803, 673 P.2d 680, 700-01 (1983). While the prosecutor's argument crossed the line of error, we find that error to be harmless because the State has shown "beyond a reasonable doubt that the error did not affect the verdict. . . ." State v. DiGuilio, 491 So.2d 1129, 1139 (Fla.1986).
We affirm the defendant's conviction and sentence.
GROSS, J., and SCOLA, JACQUELINE HOGAN, Associate Judge, concur.
NOTES
[1] We also find the defendant's failure to object to the instructions estops him from arguing an inconsistent verdict. See McKee v. State, 450 So.2d 563 (Fla. 3d DCA 1984).