CAMPBELL, Judge.
The state charged appellee in Count I of an information with leaving the scene of an accident without fulfilling the requirements of section 316.062, Florida Statutes (1980), contrary to section 316.027, Florida Statutes (1980). Pursuant to rule 3.190(c)(4), Florida Rules of Criminal Procedure, appellee filed a motion to dismiss Count I of the information. The sworn statements in support of *662 the motion to dismiss reflected that the testimony of all available witnesses revealed the following undisputed facts:
(a) On September 3, 1981, the Defendant was operating a Honda motorcycle, license number 227825, which contained one passenger, Linda M. Moneymaker. Linda Moneymaker is a friend of the Defendant’s brother who was living in Nokomis, Florida.
(b) The motorcycle was traveling on Albee Road in Nokomis, Florida, and overtook an automobile traveling in the same direction on that road. After passing the automobile, the motorcycle went onto the right shoulder of Albee Road, then veered back into the right lane of Albee Road. The passenger, Linda Moneymaker, was thrown onto the right shoulder of Albee Road. The motorcycle continued through the right lane into the left lane and went onto its side on the left shoulder of Albee Road.
(c) Cornelia Buster of 107A Sunair Terrace, Nokomis, Florida, testified in depositions that she observed the events described in paragraph B and walked up to the scene. At that time she saw Joe Feguer talking to Linda Moneymaker who was on the ground. The Defendant was attempting to pick up Linda Moneymaker at which time Cornelia Buster told him to leave her alone and that she had called an ambulance.
(d) Rudy Rost of 405 West Albee Road, Nokomis, Florida, observed the Defendant run back to Linda Moneymaker [and] attempt to pick her up[.] [H]e also observed that Linda Moneymaker appeared to be limp and that Defendant appeared to drop her. He also observed the Defendant pick up the motorcycle and place it into the back of a red Datsun pickup truck.
(e) All witnesses then observed the Defendant go back across the road, restart the motorcycle, and travel away from the scene.
(f) C.E. Abbott, of the Florida Highway Patrol, was called to Nokomis at approximately 5:50 p.m. on September 3, 1981. When he arrived, an ambulance was on the scene and Linda Moneymaker was inside of the ambulance. He interviewed the above-mentioned persons at the scene and also attempted to speak to Linda Moneymaker at the hospital. He observed that Linda Moneymaker appeared to be intoxicated and that she indicated that she did not know what happened, that she also gave her name and where she lived, and that the person who was driving the motorcycle was a friend of hers named Bob. Officer Abbott also indicated that Linda Moneymaker appeared to be uncooperative; and that she had been unconscious for approximately two hours.
(g) Defendant, Robert L. Murray, called the Florida Highway Patrol approximately a day and a half later to turn himself in. He stated that the motorcycle ran off the edge of the road and overturned and that he himself was in considerable pain from road burns. He also stated to Officer Abbott or someone at the Florida Highway Patrol that he went to Linda Moneymaker, she told him that she was okay and that he could go.
The state filed no traverse or demurrer, averring instead that the undisputed facts as alleged by the appellee did, in fact, establish a prima facie case of guilt against him. The trial court granted appellee’s motion to dismiss and the state appealed. We reverse.
While most of the argument concerns whether or not appellee rendered all assistance necessary or requested by his injured passenger, we feel that even that was likely a jury question. However, we need not reach that question in order to sustain the charge as set forth in Count I of the information. Section 316.062, among other things, requires that the driver of the vehicle involved in an accident resulting in injury or death to any person shall give the information required in the statute and ex- *663 Mbit his driver’s license, if any, to any police officer at the scene of the accident or who is investigating the accident. Admittedly, there was no police officer at the scene when appellee determined that he should leave. However, the statute goes further in section 316.062(2) and provides that if no police officer is present, the driver involved shall forthwith report the accident to the nearest office of a duly authorized police authority. Here, the appellee did not await the arrival of the police officer and, in fact, waited an additional day and a half to comply with section 316.062(2). We consider those circumstances sufficient to constitute a prima facie case of guilt against the appellee as charged in Count I of the information.
REVERSED and REMANDED.
RYDER, J., concurs.
OTT, C.J., dissents, with opinion.