JORGENSON, Judge.
Howard Herring was charged in a multi-count information and found guilty by a jury of several criminal violations. We affirm the trial court judgments and sentences entered on the jury verdicts with two exceptions and remand for further proceedings.
The state has conceded that Redondo v. State, 403 So.2d 954 (Fla.1981), controls Count IV of the information and the trial court is therefore directed to vacate the conviction and sentence entered upon Count IV. See Thomas v. State, 430 So.2d 616, 617 (Fla. 2d DCA 1983).
As for Count VI, section 316.027(2), Florida Statutes (1979), is violated if the driver of a vehicle involved in a traffic accident resulting in injury or death willfully fails to remain at the scene of the accident until the requirements of section 316.-062, Florida Statutes (1979), are fulfilled. See State v. Murray, 425 So.2d 661 (Fla. 4th DCA 1983); §§ 316.027(1), (2), 316.062, Fla. Stat. (1979).
It is apparent that the purpose of sections 316.027 and 316.062 is to assure that any injured person is rendered aid and that all pertinent information concerning insurance and names of those involved in the traffic accident is exchanged by the parties.
At the time of the injury the “accident” in which Herring was involved was already a fait accompli and no injury resulted therefrom. Sections 316.027 and 316.062 were therefore not implicated. Any injury which resulted occurred after Herring’s vehicle had struck the other vehicle and the *867 other vehicle had been stopped. It was the driver of the other vehicle’s act of restarting his vehicle that caused the injury to the passenger of that vehicle. This was an “accident” to which Herring was not a party. The trial court is therefore directed to vacate the conviction and sentence entered upon Count VI of the information.
Affirmed in part, reversed in part and remanded with directions.