996 So.2d 854 (2008)
In re STANDARD JURY INSTRUCTIONS IN CRIMINAL CASES  REPORT NO. 2008-01.
No. SC08-335.
Supreme Court of Florida.
November 26, 2008.
Judge Terry David Terrell, Chair, Supreme Court Committee on Standard Jury Instructions in Criminal Cases, First Judicial Circuit, Pensacola, FL, for Petitioner.
Nancy Daniels, Public Defender, and Glen P. Gifford, Assistant Public Defender, Second Judicial Circuit, Tallahassee, FL, Responding with comments.
PER CURIAM.
The Supreme Court Committee on Standard Jury Instructions in Criminal Cases (Committee) has submitted proposed changes to Standard Jury Instructions in Criminal Cases 3.12(a)  Single Defendant, Multiple Counts or Information, 3.12(c)  Multiple Counts or Informations, Multiple Defendants, and 3.12(d)  Legally Interlocking Crimes, and requests that the Court authorize the new and amended standard instructions for publication and use. We directed that the proposals be published for comment in The Florida Bar News. Having considered the Committee's report and the comment filed, we authorize the publication and use of these instructions as discussed below.[1]
On June 27, 2008, in light of our decision in Brown v. State, 959 So.2d 218 (Fla. 2007), we requested that the Committee file a report proposing amendments to instruction 3.12(a), Single Defendant, Multiple Counts or Informations, as it pertains to legally interlocking counts. In Brown, we observed that
[w]ith legally interlocking counts, instruction 3.12(a) misleads the jury. If the counts are legally interlocking, by definition, the jury should not consider each count separately. This issue, and the suggestion of a new alternative jury instruction, was raised many years ago by Judge Harris of the Fifth District. See Cuevas v. State, 741 So.2d 1234, 1240 (Fla. 5th DCA 1999) (Harris, J., concurring specially). We request that the Committee on Standard Jury Instructions in Criminal Cases consider *855 this issue and propose to the Court an alternative instruction which would address the situation of legally interlocking counts.
959 So.2d at 223 n. 1.
On February 25, 2008, the Committee filed its report proposing amendments to instruction 3.12(a)  Single Defendant, Multiple Counts or Information, and 3.12(c)  Multiple Counts or Informations, Multiple Defendants, and proposing a new instruction 3.12(d)  Legally Interlocking Crimes. Following the filing of a public comment to the proposals, the Committee revised its proposal to instruction 3.12(d).
The Committee's comments to instructions 3.12(a) and 3.12(c) are revised to refer the trial court to instruction 3.12(d) if legally interlocking crimes are charged, and to explain when those particular instructions should be used. Instruction 3.12(d) is patterned after the concurring opinion in Cuevas v. State, 741 So.2d 1234, 1240 (Fla. 5th DCA 1999) (Harris, J., concurring specially) ("I suggest that the committee on criminal jury instructions propose an instruction which would advise the jury that when counts involving legally interlocking charges are involved, the jury should first consider the predicate offense and should it find such offense not proved beyond a reasonable doubt, it should acquit also on the compound felony. On the other hand, if the predicate offense is sufficiently proved, then the jury should be instructed to consider the count alleging the compound felony."). In addition, the Committee's comment to instruction 3.12(d) is intended to help the trial courts identify legally interlocking charges and avoid the error of truly inconsistent verdicts, i.e., "those in which an acquittal on one count negates a necessary element for conviction on another count." Brown, 959 So.2d at 220 (quoting Gonzalez v. State, 440 So.2d 514, 515 (Fla. 4th DCA 1983)). We modify slightly the comment to instruction 3.12(d) to reflect that, in addition to instruction 3.12(a), instruction 3.12(c) should not be read if the jury is instructed only on legally interlocking counts.
We hereby authorize the publication and use of instructions 3.12(a)  Single Defendant, Multiple Counts or Information, 3.12(c)  Multiple Counts or Informations, Multiple Defendants, and 3.12(d)  Legally Interlocking Crimes, as set forth in the appendix to this opinion. In doing so, we express no opinion on the correctness of those instructions and remind all interested parties that this authorization forecloses neither requesting additional or alternative instructions nor contesting the legal correctness of the instructions. We further caution all interested parties that any notes and comments associated with the instructions reflect only the opinion of the Committee and are not necessarily indicative of the views of this Court as to their correctness or applicability. New language is indicated by underlining, and deleted language is struck through. The instructions as set forth in the appendix[2] shall be effective when this opinion becomes final.
It is so ordered.
*856 QUINCE, C.J., and WELLS, ANSTEAD, PARIENTE, LEWIS, and CANADY, JJ., concur.
POLSTON, J., did not participate.

APPENDIX

3.12(a) SINGLE DEFENDANT, MULTIPLE COUNTS OR INFORMATIONS
A separate crime is charged in each [count of the information] [indictment] [information] and, although they have been tried together, each crime and the evidence applicable to it must be considered separately and a separate verdict returned as to each. A finding of guilty or not guilty as to one crime must not affect your verdict as to the other crime(s) charged.

Comment
See instruction 3.12(d) if legally interlocking crimes are charged, but this instruction should be read for any non-legally interlocking counts.
This instruction was adopted in 1981 and was amended in 2008.

3.12(c) MULTIPLE COUNTS OR INFORMATIONS, MULTIPLE DEFENDANTS
A separate crime is charged against each defendant in each [count of the information] [information] [indictment]. The defendants have been tried together; however, the charges against each defendant and the evidence applicable to [him] [her] must be considered separately. A finding of guilty or not guilty as to [one] [both] [or] [some] of the defendants must not affect your verdict as to any other defendant(s) or other crimes charged.

Comment
See instruction 3.12(d) if legally interlocking crimes are charged, but this instruction should be read for any nonlegally interlocking counts, or multiple informations or indictments.
This instruction was adopted in 1981 and was amended in 2008.

3.12(d) LEGALLY INTERLOCKING COUNTS
Counts [A and B] (substitute appropriate count numbers) are linked in that the crime charged in count [A] (identify predicate charged crime) is an essential element of the crime charged in count [B] (identify compound charged crime). You should first consider the evidence applicable to count [A]. If you find the crime in count [A] has not been proven beyond a reasonable doubt, you must find the defendant not guilty on both counts [A] and [B].
If, on the other hand, you find that the crime charged in count [A] has been proven beyond a reasonable doubt, you must then consider the evidence applicable to count [B]. A guilty verdict on count [A] does not require a guilty verdict on count [B]. You should find the Defendant guilty on count [B] only if you find all the elements of that crime, including the essential elements contained in count [A], were proven beyond a reasonable doubt.

Comment
Do not read instruction 3.12(a) or instruction 3.12(c) if the jury is instructed only on legally interlocking counts.
Legally interlocking crimes are charged when the crime charged in one count of the information or indictment is an essential element of the crime charged in another count. As a general rule, inconsistent verdicts are permitted because they may be the result of jury lenity. There is only *857 one recognized exception to this general rule, namely, the "true inconsistent verdict" exception. True inconsistent verdicts are "those in which an acquittal on one count negates a necessary element for conviction on another count." Read cases such as Brown v. State, 959 So.2d 218 (Fla.2007) and Gonzalez v. State, 440 So.2d 514 (Fla. 4th DCA 1983).
This instruction was adopted in 2008.
NOTES
[1] We have jurisdiction. See art. V, § 2(a), Fla. Const.
[2] The amendments as reflected in the appendix are to the Standard Jury Instructions in Criminal Cases as they appear on the Court's website at www.floridasupremecourt.org/jury_instructions/instructions.shtml. We recognize that there may be minor discrepancies between the instructions as they appear on the website and the published versions of the instructions. Any discrepancies as to instructions authorized for publication and use after October 25, 2007, should be resolved by reference to the published opinion of this Court authorizing the instruction.