# Supreme Court of Florida

_____

No. SC17-1870
_____

**IN RE:  STANDARD JURY INSTRUCTIONS IN CRIMINAL CASES—
REPORT 2017-08.**

[May 24, 2018]

PER CURIAM.

The Supreme Court Committee on Standard Jury Instructions in Criminal

Cases (Committee) has submitted proposed changes to the standard jury

instructions and asks that the Court authorize the amended standard instructions for

publication and use.  We have jurisdiction.  *See* art. V, § 2(a), Fla. Const.

The Committee proposes that the Court amend standard jury instructions

3.12 (Verdict), 3.12(a) (Single Defendant, Multiple Counts or Informations),

3.12(c) (Multiple Counts or Informations, Multiple Defendants), and 3.12(d)

(Legally Interlocking Counts), and adopt new instruction 3.12(f) (Crime Legally

Interlocking with a Special Finding Within that Same Count).  Following

publication in *The Florida Bar News*, the Committee received comments from the

Florida Public Defender Association (FPDA) and the Florida Association of

Criminal Defense Lawyers (FACDL), both pertaining to the proposal to amend instruction 3.12. The Court also published the Committee's proposals, and one comment was received from James Altman, Assistant State Attorney for the Ninth Judicial Circuit; the Committee responded to Mr. Altman's comment. The more significant amendments to the instructions are discussed below.[1]

Criminal jury instruction 3.12 (Verdict) is amended to include a directive to the trial court to include a provision if the State is proceeding on both theories of first degree murder, *i.e.*, premeditated and felony murder, on the basis of *Mansfield v. State*, 911 So. 2d 1160 (Fla. 2005). That specific provision is added as follows:

> If you return a verdict of guilty to the charge of First Degree Murder, it is not necessary that all of you agree the State proved First Degree Premeditated Murder and it is not necessary that all of you agree the State proved First Degree Felony Murder. Instead, what is required is that all of you agree the State proved either First Degree Premeditated Murder or First Degree Felony Murder.

Instruction 3.12 also includes "a sample of possible verdict forms for typical variables in combinations of defendants and charges." As amended, two special finding forms pertaining to felony reclassification under section 775.087, Florida

---

1. Comments to the instructions are also amended, but are not discussed, as we caution all interested parties that any comments associated with the instructions reflect only the opinion of the Committee and are not necessarily indicative of the views of this Court as to their correctness or applicability.

Statutes (2017), are added, one under subsection (1) and the other under subsection (2).

New standard criminal jury instruction 3.12(f) (Crime Legally Interlocking with a Special Finding Within that Same Count) is adopted to avoid the occurrence of "true inconsistent verdicts," where the elements of a crime may legally interlock with a special finding within that same crime under the facts of the case. *See Proctor v. State*, 205 So. 3d 784 (Fla. 2d DCA 2016); *Gerald v. State*, 132 So. 3d 891 (Fla. 1st DCA 2014).

Having considered the Committee's report and the comments submitted to the Committee and filed with the Court, and the Committee's response to the comments, we authorize instructions 3.12, 3.12(a), 3.12(c), 3.12(d), and 3.12(f) for publication and use as set forth in the appendix to this opinion.[2] New language is indicated by underlining; deleted language is indicated by struck-through type. In authorizing the publication and use of these instructions, we express no opinion on their correctness and remind all interested parties that this authorization forecloses

---

2. The amendments as reflected in the appendix are to the Criminal Jury Instructions as they appear on the Court's website at www.floridasupremecourt.org /jury_instructions/instructions.shtml. We recognize that there may be minor discrepancies between the instructions as they appear on the website and the published versions of the instructions. Any discrepancies as to instructions authorized for publication and use after October 25, 2007, should be resolved by reference to the published opinion of this Court authorizing the instruction.

neither requesting additional or alternative instructions nor contesting the legal

correctness of these instructions.  The instructions as set forth in the appendix shall

become effective when this opinion becomes final.

It is so ordered.

LABARGA, C.J., and LEWIS, QUINCE, CANADY, POLSTON, and LAWSON,
JJ., concur.
PARIENTE, J., concurs in result with an opinion.

NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING MOTION AND,
IF FILED, DETERMINED.

PARIENTE, J., concurring in result.

I concur in result for two reasons.  First, although not inaccurate under our

2005 decision in *Mansfield v. State*, 911 So. 2d 1160 (Fla. 2005), there is no reason

that instruction 3.12 is now necessary.  Second, even with and especially in light of

instruction 3.12, I urge, once again, for the use of special verdict forms as to the

alternate theories of first-degree murder, unless the defense objects.

## **Instruction 3.12**

As the Committee recognizes, this Court has not addressed whether *Hurst*[3]

affects the validity of our decision in *Mansfield*, holding that the jury is not

required to reach a unanimous decision on the theory of first-degree murder.  *Id.* at

1178-79.  Therefore, *Mansfield* remains good law, and instruction 3.12 is accurate

3. *Hurst v. State* (*Hurst*), 202 So. 3d 40 (Fla. 2016), *cert. denied*, 137 S. Ct. 2161 (2017); *see Hurst v. Florida*, 136 S. Ct. 616 (2016).

under the current law. That being said, it is unclear why this instruction is being adopted now, thirteen years after *Mansfield*. Nevertheless, as a result of the inclusion of instruction 3.12 in the standard jury instructions, as well as the implications the jury's findings in the guilt phase have on the penalty phase, it is more important than ever to use a special verdict form in the guilt phase to determine the jury's vote as to each theory of first-degree murder.

## Guilt Phase Special Verdict Forms

I join the Florida Public Defender Association in urging the trial courts to use a special verdict form in the guilt phase of capital prosecutions, especially when requested by the defendant. A special verdict form indicating each juror's determination as to whether the defendant is guilty of premeditated or felony first-degree murder would promote informed decision-making by the trial court in the guilt phase and, more importantly, by the jury in the penalty phase, especially after *Hurst*.

For example, if the jury did not unanimously conclude that the murder was premeditated, it should be clear that the CCP (cold, calculated, and premeditated) aggravating factor, requiring heightened premeditation, was not proven beyond a reasonable doubt. Likewise, when this Court previously rejected the Criminal Court Steering Committee's recommendation to mandate the use of guilt phase

special verdict forms, in an opinion joined by Chief Justice Labarga and former

Justice Perry, I explained:

> The use of special verdict forms to specify felony murder and premeditated murder has numerous advantages as identified by the Steering Committee and those in favor of the forms. I would also defer to the expertise of our Steering Committee members, including the trial judges who have been utilizing the special verdict forms in first-degree murder cases and advocate their mandated use.
>
> The Committee's proposal should be adopted because the new verdict form would assist both the trial court in making decisions as to what penalty to impose and this Court in reviewing the sentence in the following ways. First, a special verdict form indicating that a defendant was found guilty of first-degree murder based on a premeditated murder theory would obviate the need for the trial court to perform the requisite felony murder analysis under *Enmund v. Florida*, 458 U.S. 782 (1982), and *Tison v. Arizona*, 481 U.S. 137 (1987). . . . Second, if the State sought to establish either the cold, calculated, and premeditated or felony murder aggravators in the penalty phase, it would be helpful for the trial court to know how the jury viewed the evidence when discussing these aggravating circumstances in the sentencing order. Third, the use of a special verdict form in the guilt phase would guide the trial court in determining the applicable instructions in the penalty phase. Finally, the special verdict form would aid this Court in our review of evidentiary issues, as well as the sufficiency of the evidence as to either premeditated or felony murder.

*In re Std. Jury Instrs. in Crim. Cases—Report No. 2005-2*, 22 So. 3d 17, 24 (Fla.

2009) (Pariente, J., specially concurring).

Other courts, including the United States Supreme Court, have also

explained that, although "the Constitution [does] not command" their use,

"separate verdict forms are useful in cases submitted to a jury on alternative

theories of premeditated and felony murder." *Schad v. Arizona*, 501 U.S. 624, 645

(1991) (citing *State v. Smith*, 774 P.2d 811, 817 (Ariz. 1989)).  Likewise, the Supreme Court of Arizona has stated that "dual forms of verdict are desirable in reviewing cases on the guilt phase."  *Smith*, 774 P.2d at 817.

## CONCLUSION

For all these reasons, although *Mansfield* has not been modified since *Hurst*, I would urge the adoption of special verdict forms in first-degree murder cases where the State seeks a conviction based on alternative theories of felony first-degree murder or premeditated first-degree murder.  Notwithstanding, because the majority has chosen to not adopt this requirement, I urge defense counsel to request, the State to agree, and trial courts to grant the use of special verdict forms in the guilt phase of first-degree murder prosecutions.

Original Proceeding – Supreme Court Committee on Standard Jury Instructions in Criminal Cases

Judge F. Rand Wallis, Chair, Supreme Court Committee on Standard Jury Instructions in Criminal Cases, Daytona Beach, Florida; and Bart Schneider, Staff Liaison, Office of the State Courts Administrator, Tallahassee, Florida,

        for Petitioner

James Altman, Assistant State Attorney, Ninth Judicial Circuit, Orlando, Florida,

        Responding with comments

# APPENDIX

## 3.12 VERDICT

You may find the defendant guilty as charged in the [information] [indictment] or guilty of such lesser included crime[s] as the evidence may justify or not guilty.

If you return a verdict of guilty, it should be for the highest offense ~~which~~that has been proven beyond a reasonable doubt. If you find that no offense has been proven beyond a reasonable doubt, then, of course, your verdict must be not guilty.

The verdict must be unanimous, that is, all of you must agree to the same verdict. Only one verdict may be returned as to [the crime] [each crime] charged [, except as to Count (~~insert number~~insert number)**,** where the defendant can be found guilty of more than one lesser included crime]. The verdict must be in writing and for your convenience the necessary verdict form[s] [has] [have] been prepared for you. [It is] [They are] as follows (read verdict form(s)):

*Give if State is proceeding on both theories of First Degree Murder (premeditated and felony murder). Mansfield v. State, 911 So. 2d 1160 (Fla. 2005).*
**If you return a verdict of guilty to the charge of First Degree Murder, it is not necessary that all of you agree the State proved First Degree Premeditated Murder and it is not necessary that all of you agree the State proved First Degree Felony Murder. Instead, what is required is that all of you agree the State proved either First Degree Premeditated Murder or First Degree Felony Murder.**

*In cases of multiple defendants or multiple charges, give 3.12(a), (b), or (c) as applicable.*

*A sample of possible verdict forms for typical variables in combinations of defendants and charges follows:*

1.    Verdict form for single count, single defendant.

We, the jury, find as follows, as to the defendant in this case: (check only one)

___a. The defendant is guilty of (crime charged).
___b. The defendant is guilty of (a lesser included offense).
___c. The defendant is not guilty.

2.      Verdict form for multiple counts, single defendant.

We, the jury, find as follows, as to Count I of the charge: (check only one as to this count)

___a. The defendant is guilty of (crime charged).
___b. The defendant is guilty of (a lesser included offense).
___c. The defendant is not guilty.

We, the jury, find as follows, as to Count II of the charge: (check only one as to this count)

___a. The defendant is guilty of (crime charged).
___b. The defendant is guilty of (a lesser included offense).
___c. The defendant is not guilty.

3.      Verdict form if a count is a crime where the defendant can be guilty of more than one lesser included offense.

We, the jury, find as follows, as to Count (insert number) of the charge:

___a. The defendant is guilty of (crime charged).

(If the defendant is not guilty of the main charge, then proceed to the lesser included offenses):

___b. The defendant is guilty of lesser included offense(s). (check as many lesser included offenses as apply)
___     The defendant is guilty of (lesser included offense).
___     The defendant is guilty of (lesser included offense).
___     The defendant is guilty of (lesser included offense).
___     The defendant is guilty of (lesser included offense).

(If the defendant is not guilty of the main charge or any lesser included offenses, then proceed to not guilty):

___c. The defendant is not guilty.

*Use separate verdict for each defendant.*

4.    Verdict form for multiple counts, multiple defendants.

We, the jury, find as to the defendant, (name of defendant), as follows:

As to Count I: (check only one as to this count)

\_\_\_a.    The defendant is guilty of (crime charged).
\_\_\_b.    The defendant is guilty of (a lesser included offense).
\_\_\_c.    The defendant is not guilty.

As to Count II: (check only one as to this count)

\_\_\_a.    The defendant is guilty of (crime charged).
\_\_\_b.    The defendant is guilty of (a lesser included offense).
\_\_\_c.    The defendant is not guilty.

5.    Verdict form when insanity is a defense.

\_\_\_a.    The defendant is guilty of (crime charged).
\_\_\_b.    The defendant is guilty of (a lesser included offense).
\_\_\_c.    The defendant is not guilty.
\_\_\_d.    The defendant is not guilty because legally insane.

*Read if applicable. Special finding forms #6 and #7 below refer to § 775.087, Fla. Stat. There are other statutes requiring special findings.*
**In addition to the verdict form[s], there [is] [are] [a] Special Finding form[s] for Count[s]** (insert number(s))**.**

6.    Special finding form regarding § 775.087(1), Fla. Stat.

If you found the defendant guilty of (name of crime), you must then answer the following question:

During the commission of the offense, did the defendant personally [carry] [display] [use] [threaten to use] [attempt to use] a [weapon] [firearm]?

_____ Yes

_____ No

7.     Special finding form regarding § 775.087(2), Fla. Stat.

If you found the defendant guilty of (name of crime), you must then answer the following question[s]:

1. During the commission of the offense, did the defendant actually possess a [firearm] [destructive device]?

      _____ Yes

      _____ No

2. During the commission of the offense, did the defendant personally discharge a [firearm] [destructive device]?

      _____ Yes

      _____ No

3. During the commission of the offense and as a result of the discharge of the [firearm] [destructive device], was death caused to (victim)?

      _____ Yes

      _____ No

**Comments**

This instruction must be amended if the defendant is relying on an insanity defense.

It is highly recommended that trial courts rely solely on the core offense in determining the order of lesser included offenses on a verdict form. Trial courts should then provide an interrogatory, separate from the verdict form for the core offense, for the jury to determine the existence of circumstances that can result in mandatory minimum sentences, sentence enhancements, or offense reclassifications. In addition, interrogatories may be used for crimes such as

burglary and robbery, in which the aggravating factor is part of the statute governing the substantive crime. *Sanders v. State*, 944 So. 2d 203 (Fla. 2006).

For compounded offenses, such as Burglary with an Assault, the jury can convict on two lesser-included offenses. *See Gian-Grasso v. State*, 899 So. 2d 392 (Fla. 4th DCA 2005).

This verdict form was adopted in 1981 and was amended in October 1981, December 1995, ~~and~~ 2016 [199 So. 3d 234], and 2018.

## 3.12(a) SINGLE DEFENDANT, MULTIPLE COUNTS OR INFORMATIONS

**A separate crime is charged in each [count of the information] [indictment] [information] and, although they have been tried together, each crime and the evidence applicable to it must be considered separately and a separate verdict returned as to each. A finding of guilty or not guilty as to one crime must not affect your verdict as to the other crime(s) charged [, except as explained in the instruction for legally interlocking counts].**

### Comments

See instruction 3.12(d) if legally interlocking crimes are charged~~, but this instruction should be read for any non-legally interlocking counts~~.

This instruction was adopted in 1981 and was amended in 2008 [996 So. 3d 854] and 2018.

## 3.12(c) MULTIPLE COUNTS OR INFORMATIONS, MULTIPLE DEFENDANTS

**A separate crime is charged against each defendant in each [count of the information] [information] [indictment]. The defendants have been tried together; however, the charges against each defendant and the evidence applicable to [him] [her] must be considered separately. A finding of guilty or not guilty as to [one] [both] [or] [some] of the defendants must not affect your**

**verdict as to any other defendant(s) or other crimes charged <u>[, except as explained in the instruction for legally interlocking counts]</u>.**

## Comment<u>s</u>

See instruction 3.12(d) if legally interlocking crimes are charged~~, but this instruction should be read for any non-legally interlocking counts, or multiple informations or indictments~~.

This instruction was adopted in 1981 and was amended in 2008 <u>[996 So. 2d 854]</u> and 2018.

## 3.12(d) LEGALLY INTERLOCKING COUNTS

**Counts [A and B]** (substitute appropriate count numbers) **are linked in that the crime charged in count [A]** (identify predicate charged crime) **is an essential element of the crime charged in count [B]** (identify compound charged crime)**. You should first consider the evidence applicable to count [A]. If you find the crime in count [A] has not been proven beyond a reasonable doubt, you must find the defendant not guilty on both counts [A] and [B].**

**If, on the other hand, you find that the crime charged in count [A] has been proven beyond a reasonable doubt, you must then consider the evidence applicable to count [B]. A guilty verdict on count [A] does not require a guilty verdict on count [B]. You should find the Defendant guilty on count [B] only if you find all the elements of that crime, including the essential elements contained in count [A], were proven beyond a reasonable doubt.**

## Comment<u>s</u>

~~Do not read instruction 3.12(a) or instruction 3.12(c) if the jury is instructed only on legally interlocking counts.~~

Legally interlocking crimes are charged when the crime charged in one count of the information or indictment is an essential element of the crime charged in another count. As a general rule, inconsistent verdicts are permitted because they may be the result of jury lenity. There is only one recognized exception to this general rule, namely, the "true inconsistent verdict" exception. True inconsistent

verdicts are "those in which an acquittal on one count negates a necessary element for conviction on another count." Read cases such as *Brown v. State*, 959 So. 2d 218 (Fla. 2007) and *Gonzalez v. State*, 440 So. 2d 514 (Fla. 4th DCA 1983).

This instruction was adopted in 2008 [996 So. 2d 854] and amended in 2018.


## 3.12(f) CRIME LEGALLY INTERLOCKING WITH A SPECIAL FINDING WITHIN THAT SAME COUNT


**The charge of** (insert appropriate charge) **and the special finding associated with that charge are interrelated because a special finding that the defendant** (insert the element of the special finding) **is an essential element of** (insert appropriate charge)**.**

**Accordingly, you should not return a verdict finding the defendant guilty of** (insert appropriate charge) **unless you also find, in the special finding, that the State proved the allegation that the defendant** (insert the element of the special finding)**.**

**On the other hand, if you decide that the allegation that the defendant** (insert the element of the special finding) **in the special finding [for Count** (insert the appropriate number of the relevant count)**] has not been proven beyond a reasonable doubt, then you should not return a verdict finding the defendant guilty of** (insert appropriate charge)**.**


## Comments

In appropriate cases, this instruction may be used in order to avoid a true inconsistent verdict. As a general rule, inconsistent verdicts are permitted because they may be the result of jury lenity. Florida case law recognizes an exception to the general rule in cases of a "true inconsistent verdict." True inconsistent verdicts are those in which an acquittal on one count negates a necessary element for conviction on another count. *See Brown v. State*, 959 So. 2d 218 (Fla. 2007).

A true inconsistent verdict may occur because a) a crime and b) the special finding associated with that same crime, are legally interlocking. For example, if a defendant was charged with Aggravated Battery (Deadly Weapon) along with the 10-year minimum mandatory for actual possession of a firearm; if there was no

evidence that the defendant was acting as an aider or abettor; and if the only weapon the defendant is alleged to have used was undisputedly a firearm, it would be inconsistent for the jury to find the defendant guilty of Aggravated Battery (Deadly Weapon) but not guilty of the special finding that the defendant actually possessed a firearm. *See*, for example, *Proctor v. State*, 205 So. 3d 784 (Fla. 2d DCA 2016) and *Gerald v. State*, 132 So. 3d 891, 893-94 (Fla. 1st DCA 2014). On the other hand, if there was a dispute about the nature of the deadly weapon used or if there was a dispute about whether the defendant was acting as an aider or abettor, then a guilty verdict on an Aggravated Battery (Deadly Weapon) charge along with a not guilty verdict pertaining to actual possession of a firearm, may not be "truly inconsistent." *See State v. McGhee*, 174 So. 3d 470 (Fla. 1st DCA 2015).

This instruction was adopted in 2018.